**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

---

**MUHAMMAD IMRAN #A095-925-194**                    **CASE NO.  25-cv-841 SEC P**

**-vs-**                                                                            **JUDGE DRELL**

**MELLISSA HARPER ET AL**                    **MAGISTRATE JUDGE PEREZ-MONTES**

---

### ORDER

Muhammad Imran filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.  The Magistrate Judge issued a Report and Recommendation (ECF No. 28), to which the Respondents filed an Objection (ECF No. 30), and Petitioner filed a Reply (ECF No. 31).  After the aforementioned documents were filed, Petitioner was deported to Pakistan.  ECF No. 32.

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980).  A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).  If a controversy becomes moot, the case must be dismissed for lack of jurisdiction. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).

The case-or-controversy requirement "subsists through all stages of federal judicial proceedings, trial and appellate." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted).  The parties must continue to have a "personal stake in the outcome" of the lawsuit. *Id.*  Therefore, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.*

1

Additionally, an alien who has been finally removed from United States is not "in custody," as required for a court to have the power to grant a writ of habeas corpus. *See Merlan v. Holder*, 667 F.3d 538 (5th Cir. 2011) (per curiam); *Dien Thanh Ngo v. Johnson*, 3:19-CV-976, 2019 WL 3468909 (N.D. Tex. 2019) (collecting cases), *report and recommendation adopted*, 2019 WL 3459817 (N.D. Tex. 2019); 28 U.S.C. § 2241.

Since Petitioner is no longer detained (ECF No. 32), his Petition seeking release from detention is moot, and the Court lacks jurisdiction.

Therefore, IT IS ORDERED that the Petition (ECF No. 1) is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

THUS DONE AND SIGNED at Alexandria, Louisiana this ___17___ day of June 2026.

_____
DEE D. DRELL, SENIOR JUDGE
UNITED STATES DISTRICT COURT